Filed 3/13/24 In re Ethan M. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Ethan M., a Person Coming Under the Juvenile Court Law. | B326562 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ETHAN M.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. NJ30504) |

APPEAL from an order of the Superior Court of Los Angeles County. Terry Truong, Commissioner. Conditionally reversed and remanded with directions.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Ethan M. appeals from the juvenile court's order of wardship following a sustained Welfare and Institutions Code[1] section 602 petition that alleged one count of robbery (Pen. Code, § 211). At the dispositional hearing, the juvenile court found that Ethan was ineligible for informal, non-wardship probation (§ 725, subd. (a)) based on the nature of the offense, declared him a ward of the court, and placed him at home on formal probation. On appeal, Ethan contends, and the Attorney General concedes, that the juvenile court was unaware of its discretion to order informal probation, and that the matter should be remanded for the court to exercise its informed discretion. We agree. Therefore, we conditionally reverse the order of wardship, and remand for the juvenile court to conduct a new dispositional hearing in accordance with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2022, the Orange County District Attorney filed a section 602 petition, alleging that Ethan committed the offense of second degree robbery. Ethan admitted the allegation, and the juvenile court sustained the petition. Because Ethan resided in Los Angeles County, the court transferred the case to that county for disposition.

According to a predisposition probation officer's report, the offense occurred when Ethan and another minor, E.K., entered a convenience store. While E.K. tried to distract the store clerk, Ethan yelled out, "I'm strapped," and raised his shirt to expose a

---

[1] Unless otherwise stated, all further undesignated statutory references are to the Welfare and Institutions Code.

2

handgun in his waistband.  Ethan grabbed two cases of vape pens from behind the counter, and the minors then ran from the store.

On December 6, 2022, Los Angeles County Superior Court Commissioner Terry Truong held the dispositional hearing. Ethan's counsel requested the court place Ethan on informal probation under section 725, subdivision (a).  His counsel argued that, among other mitigating factors, the gun involved was an airsoft gun; Ethan was 13 years old at the time of the offense and had no prior criminal history; he earned good grades and had a permit to work as an actor; and he regularly participated in church youth groups and volunteer programs.  The probation report also attached several letters of support from members of the community.

Following an off-the-record discussion with Ethan's counsel and the prosecutor, the court announced that "this is not a count that I can do a [section] 725 informal probation on."  Ethan's mother expressed her shock to the court, stating, "we've done everything to prove that this is not the . . . our life."  The court responded, "I see that in the paperwork. . . .  And I really was considering that informal probation that [Ethan's counsel] asked for.  But given the charge against your son, it is a very serious charge.  It is what we considered—it's a [section] 707(b) offense. . . .  If you have not already heard that phrase, that is the kind of charge that your son is facing.  It's also one of these charges where I cannot do informal probation."  The court declared Ethan a ward of the court under section 602, and placed him at home on formal probation.

On February 2, 2023, a different judicial officer held a hearing on the matter.  Ethan's counsel informed the court that she requested the hearing to make a further record.  She noted

3

that, at the dispositional hearing, the court considered placing Ethan on informal probation, but believed it lacked the authority to do so based on the nature of the offense. She then explained that section 654.3 does grant the court discretion to order informal probation in certain cases, even where a section 707, subdivision (b) crime is involved. Ethan's counsel did not, however, specifically ask the court to reconsider the prior ruling or to determine whether Ethan was eligible for informal probation. The court stated "[t]he record is noted," but made no orders at the hearing.

Ethan filed a timely appeal.

## DISCUSSION

Ethan argues that the juvenile court abused its discretion in declining to order informal probation because the court was unaware of its authority to do so in the interests of justice. The Attorney General acknowledges that the court misunderstood the scope of its discretion in denying Ethan's request for informal probation, and that remand is required for the court to exercise its informed discretion. We agree.

## I.     Governing law

"If the allegations of a section 602 petition are found true, the [juvenile] court may dismiss the petition in the interest of justice (§ 782), place the child on informal probation for up to six months without a declaration of wardship (§ 725, subd. (a)), or declare the child a ward of the juvenile court (§ 725, subd. (b)) and proceed to disposition." (*In re W.B.* (2012) 55 Cal.4th 30, 44; see Cal. Rules of Court, rule 5.790(a)(2).)

Section 725, subdivision (a), governs non-wardship or informal probation. It provides, in relevant part, that "[i]f the court has found that the minor is a person described by Section

4

601 or 602, by reason of the commission of an offense other than any of the offenses set forth in Section 654.3, it may, without adjudging the minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months." (§ 725, subd. (a).)

Section 654.3, subdivision (b), specifies that "[a] minor shall not be eligible for the program of supervision set forth in Section 654 or 654.2 in the case of a petition alleging that the minor has violated an offense listed in subdivision (b) of Section 707, except in unusual cases where the court determines the interests of justice would be best served and the court specified on the record the reason for its decision." Robbery is one of the offenses listed in section 707, subdivision (b). (§ 707, subd. (b)(3).)

Ordinarily, "[a] juvenile court's dispositional decision is reviewed for an abuse of discretion." (*In re A.M.* (2020) 53 Cal.App.5th 824, 835.) However, " ' "[a] discretionary order that is based on the application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion, and is subject to reversal even though there may be substantial evidence to support that order." ' " (*In re I.V.* (2017) 11 Cal.App.5th 249, 257.) " 'If the record affirmatively shows the [juvenile] court misunderstood the proper scope of its discretion, remand . . . is required to permit that court to exercise informed discretion with awareness of the full scope of its discretion and applicable law.' " (*In re L.B.* (2023) 98 Cal.App.5th 827, 839.)

## II. Remand is required for the juvenile court to exercise its informed discretion

In this case, the record reflects that the juvenile court mistakenly believed that, because robbery is among the offenses listed in section 707, subdivision (b), it lacked the authority to

5

grant Ethan's request for informal, non-wardship probation under any circumstances. The court explained, "I really was considering . . . informal probation that [Ethan's counsel] asked for. But given the charge against your son, . . . it's a [section] 707(b) offense. . . . It's also one of these charges where I cannot do informal probation."

While it is true that Ethan's robbery offense made him presumptively ineligible for informal probation under section 654.3, subdivision (b), the juvenile court was vested with the "discretion to override any of these statutory presumptions 'in an unusual case where the interests of justice would best be served and the court specifies on the record the reasons for its decision.'" (*In re A.J.* (2019) 39 Cal.App.5th 1112, 1118.) As the Attorney General concedes, the court's statements at the dispositional hearing indicate that it was seriously contemplating placing Ethan on informal probation, but it incorrectly believed the nature of the offense precluded it from doing so. Because the record shows the juvenile court misunderstood the full scope of its discretion, we conclude the proper remedy is to conditionally reverse the order of wardship, and to remand the matter for the court to exercise its informed discretion on Ethan's request for informal, non-wardship probation. (See *In re N.L.* (2022) 81 Cal.App.5th 463, 472–473.) We express no view as to whether the juvenile court should grant Ethan's request on remand.

## DISPOSITION

The order adjudging Ethan a ward of the juvenile court and placing him at home on probation is conditionally reversed, and the matter is remanded for the juvenile court to reconsider Ethan's request for non-wardship probation under section 725, subdivision (a). If, on remand, the court determines the interests

6

of justice would be best served by placing Ethan on non-wardship probation and it specifies the reason for its decision on the record, then it may, without adjudging Ethan a ward of the court, place him on probation under the supervision of the probation officer, for a period not to exceed six months.  If the court decides not to grant Ethan's request for non-wardship probation, then it shall reinstate its original dispositional order.

VIRAMONTES, J.

WE CONCUR:

GRIMES, Acting P. J.

WILEY, J.